This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PHIL V. SANCHEZ and**
**TESSIE L. SANCHEZ,**

Plaintiffs-Appellees/Cross-Appellants,

**v.**                                                                 **No. 33,160**

**DAVID P. SANCHEZ,**

Defendant-Appellant/Cross-Appellee.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Padilla Law Firm, P.A.
Ernest L. Padilla
Santa Fe, NM

for Appellant

Gary D. Elion
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Plaintiffs Phil Sanchez and Tessie Sanchez appeal a district court order amending its judgment pursuant to Rule 1-060(A) NMRA. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Plaintiffs have filed a memorandum in opposition, which we have duly considered. As we do not find Plaintiffs' arguments to be persuasive, we affirm.

{2} Plaintiffs contend that the district court erred by denying their Rule 1-015(B) NMRA motion to amend the pleadings to conform to the evidence. [DS 8] In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in denying the motion. We proposed to hold that the district court did not err in finding that Defendant had neither expressly nor impliedly consented to trial of any quiet title action to the property described in the 2005 deed, and we proposed to hold that to the degree that Defendant had failed to establish that he would be prejudiced by the amendment of the pleadings to add that issue, Plaintiffs had failed to preserve any argument for appeal on the question of a lack of prejudice to Defendant.

{3} Plaintiffs do not contend in their memorandum in opposition that Defendant expressly consented to trial of title to the property described in the 2005 deed. However, they do argue that Defendant impliedly consented by permitting the deed to be introduced into evidence. [MIO 9-10] In doing so, they rely on a federal case

2

that they assert stands for the proposition that when evidence is relevant to both an issue that is raised by the pleadings and one that is not, but that is purportedly tried by consent, implied consent can be inferred from the opposing party's failure to object to the evidence. *See Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 349 (8th Cir. 2013). [MIO 9-10] However, that case is distinguishable, because there, both parties were on actual notice that the defendant intended to try the issue, since the defendant sought to move to amend the pleadings to add the issue to his counterclaims prior to the commencement of trial. *See id.* at 348. Here, in contrast, Plaintiffs did not seek to move to amend the pleadings until the close of the evidence at trial, such that Defendant was not on notice that the evidence was being introduced for any purpose other than to establish the claims raised in the pleadings. [DS 2]

{4}     Furthermore, even if the case were on point and Defendant had actual notice during the trial of Plaintiffs' intent to try the issues involving the 2005 deed, New Mexico law states that "[i]mplied consent to a new theory is generally absent when the evidence is relevant to other pleaded issues," *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 73, 134 N.M. 77, 73 P.3d 215, and Plaintiffs have provided no reasoned basis to depart from that general rule in this case. Accordingly, we hold that the district court did not abuse its discretion in concluding that Defendant had not

3

impliedly consented to trial of the question of title to the property named in the 2005 deed.

{5} However, as we stated in our notice, "even if the party has not consented to amendment, a trial court is required to allow it freely if the objecting party fails to show he will be prejudiced thereby." *Id.* (emphasis omitted). But we pointed out that the party seeking reversal on the basis of the objecting party's failure to show prejudice is required to preserve this argument at trial so that the non-consenting party has the opportunity to respond and so that the district court can consider the argument in the first instance. *See id.* ¶ 74 (refusing to consider on appeal an argument that the objecting party failed to demonstrate that the amendment of the pleadings would prejudice it where the party seeking to amend the pleadings never raised the prejudice argument in the district court). In our notice, we stated that Plaintiffs' docketing statement did not indicate that they had preserved this issue and we therefore proposed to conclude that they had failed to preserve any argument regarding a lack of prejudice to Defendant. In Plaintiffs' memorandum in opposition, they do not address the matter of preservation. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d

683. As Plaintiffs have failed to demonstrate that the issue was preserved, we decline to rely upon any lack of prejudice to Defendant as a basis for reversal on appeal.

**{6}** Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm. As we stated in our notice, the mandate in our decision in *Sanchez v. Sanchez*, No. 32,819, shall issue at the same time as mandate in this case.

**{7}** **IT IS SO ORDERED.**

---

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

---

**JAMES J. WECHSLER, Judge**

---

**MICHAEL E. VIGIL, Judge**